### In re SMITH.

(Court of Appeals of District of Columbia. Submitted November 13, 1919. Decided January 5, 1920.)

#### No. 1258.

1. PATENTS ⟂26(1)—COMBINATION OF MECHANICAL EQUIVALENTS IS NOT INVENTION.

A combination of applicant's previously patented aeroplane with hydroplane features known to the prior art is not patentable, since assembling the mechanical equivalents of features old in the art into a single structure does not constitute invention.

2. PATENTS ⟂113(2)—DECISION DENYING AMENDMENT AFTER TAKING APPEAL NOT REVIEWABLE.

The action of the Commissioner of Patents in denying a petition for rehearing, seeking permission to substitute new claims for those denied, and which was filed after an appeal had been taken from the rejection of the original claims, is not reviewable, since the case had passed beyond the Commissioner's jurisdiction when the rehearing petition was presented, and no proper final judgment on the patentability of the substitute claims was presented for review.

3. PATENTS ⟂113(2)—FINAL DECISIONS REGARDING PATENTABILITY NECESSARY FOR REVIEW.

An appeal lies only from a final decision of the Commissioner on the issue of patentability.

Appeal from a Decision of the Commissioner of Patents.

Patent application proceeding by Rexford M. Smith. From a decision denying the application, the applicant appeals. Affirmed.

E. S. Clarkson, of Washington, D. C. (C. C. Hines, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

VAN ORSDEL, Associate Justice. This appeal is from a decision of the Commissioner of Patents denying the application of appellant for a patent on improvements in hydroaeroplane construction.

The application is in 41 claims, all of which were considered by the tribunals of the Patent Office, and refused, in the light of the prior

art. On appeal to this court, appellant has abandoned all but 10 of the claims.

[1] It appears that on November 24, 1914, applicant was granted a patent on the present disclosure, with claims limited to the aeroplane features. Whatever aeroplane features are contained in the present application could have been claimed in that patent. It was therefore held not to constitute invention to substitute his patented aeroplane in hydroplanes of the prior art. To review in detail appellant's claims, or the relation of the prior art to his disclosure, would amount merely to a restatement of that which is clearly set forth in the opinions of the respective tribunals of the Patent Office. The combination here sought to be patented, while not disclosed in a single structure of the prior art, is so completely shown in different prior inventions as to admit easily of mechanical simulation. Such an assembling of mechanical equivalents of features old in the art into a single structure does not constitute invention.

[2, 3] After the present appeal had been perfected, applicant filed with the Commissioner of Patents a petition for a rehearing, asking permission to withdraw the entire 41 claims appealed and present in lieu thereof 6 claims. The Commissioner denied the rehearing, and applicant seeks a hearing upon the substituted claims in this court. It is clear that the claims cannot be here considered, since an appeal only lies from a final decision of the Commissioner on the issue of patentability. The claims were not presented to the Commissioner until the case had passed beyond his jurisdiction, and no case was before him in which the claims could be heard or to which a judgment thereon could attach. It follows, therefore, that no proper judgment on the patentability of these substituted claims is before this court for review.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required.

Affirmed.